**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PABLO TORRES<br>24 Helms Cove Lane<br>Penns Grove, NJ 08069<br><br>　　　　Plaintiff,<br>　v.<br><br>NORTH EASTERN OPERATIONS<br>GROUP LLC *d/b/a* NEO-GROUP<br>55 Twin Oaks Road<br>Bridgewater, NJ 08807<br><br>　　　　Defendant. | CIVIL ACTION<br><br><br>No.:<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Pablo Torres (*hereinafter* referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by North Eastern Operations Group LLC *d/b/a* Neo-Group (*hereinafter* "Defendant") of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. § 201 *et. seq*.), the New Jersey Wage and Hour Law ("NJ WHL" – N.J.S.A. §§ 34:11-56a, *et seq*.), the New Jersey Conscientious Employee Protection Act ("CEPA" – N.J.S.A. 34:19-1 *et. seq*.). Plaintiff was not properly paid overtime wages mandated by state and federal law(s) and he was retaliated against for having complained of same. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has

supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant North Eastern Operations Group LLC *d/b/a* Neo-Group is a telecommunications service provider that handles planning and site acquisition to construction, technical services and power solutions for cellular sites, and has a location at the address set forth in the caption.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein as if set forth in full.

11. Plaintiff was hired by Defendant in or about January 2017 as a "climber," also known as a "tower technician."

12. As a climber/tower technician for Defendant, Plaintiff's responsibilities included cell tower construction, maintenance, and troubleshooting for customers located in New Jersey, Pennsylvania, and Maryland.

13. During the beginning of his employment with Defendant, Plaintiff was primarily supervised by Manager, Carlos Prende Santiago (*hereinafter* "Prende-Santiago"). However, approximately six months prior to his unlawful termination from Defendant (discussed further *infra*), Plaintiff began being supervised by Managers, Jim Franklin (*hereinafter* "Franklin") and Carlos Santiago (*hereinafter* "Santiago").

14. While employed with Defendant, Plaintiff was at all times relevant herein unequivocally a non-exempt employee who should have been paid overtime compensation for all hours worked over 40 hours per week at a rate of time and one half.

15. Throughout his tenure with Defendant, Plaintiff consistently worked between 60 and 80 hours per week.

16. For every hour that he worked, Plaintiff was only paid $30.00 per hour and was never paid any wages (included overtime wages at a rate of time and one half) for any hours that he worked over 40 in one week.

17. In addition to failing to pay Plaintiff for all hours that he worked and 1.5 times his regular rate for all hours worked in excess of 40 hours in one week, Defendant also treated Plaintiff as an independent contractor by failing to withhold taxes from his paycheck – even though Plaintiff was in no way an independent contractor and was under the direct supervision and control of Defendant's management throughout his entire employment.

18. Furthermore, Defendant never actually issued Plaintiff a 1099 (or any tax forms) for work performed in 2017 or 2018.

19. Defendant has instead set up and perpetrated a system whereby they have deceived Plaintiff (and other similarly situated employees) and intentionally fail to abide by state and federal wage and hour laws, which is evidenced by the following:

   a) Defendant's failure to pay Plaintiff any wages for hours that he worked over 40 in a single work week;

   b) Defendant's failure to pay Plaintiff overtime compensation (at a rate of time and one half) for all hours worked in excess of 40 hours a week;

   c) Defendant's failure to provide Plaintiff with proper paystubs outlining the amount of hours he worked, his hourly rate, his rate for any overtime hours worked, and his total gross and net earnings;

   d) Defendant's failure to withhold any taxes from Plaintiff's pay; and

   e) Defendant's refusal to provide Plaintiff with proper tax forms/documents.

20. Plaintiff objected to and complained about Defendant's aforesaid illegal pay practices on several occasions to Defendant's management including but not limited to Prende-Santiago, Santiago, and Franklin.

21. Despite Plaintiff's aforesaid complaints regarding Defendant's unlawful pay practices, Defendant's management never remedied Plaintiff's concerns or compensated him for any of the wages that were (and still are) due and owed to him.

22. In close proximity to Plaintiff's last complaints about Defendant's illegal pay practices, Defendant abruptly informed Plaintiff that he was no longer needed, and stopped assigning him work locations and hours.

23. Because Plaintiff's hours with Defendant had been reduced to zero, Plaintiff was effectively terminated from his employment with Defendant in or about May of 2018.

24. Plaintiff believes and therefore avers that he was terminated in retaliation for having complained of Defendant's overtime and wage violations under state and federal law.

25. All of Defendant's actions as aforesaid are without question willful, intentional and in blatant disregard for state and federal laws.

## COUNT I
## Violations of the Fair Labor Standards Act ("FLSA")
**(Failure to Pay Overtime Wages & Retaliation)**

26. The foregoing paragraphs are incorporated herein as if set forth in full.

27. At all times relevant herein, Defendant, has and continues to be, an "employer" within the meaning of the FLSA.

28. The FLSA requires covered employers, such as Defendant, to minimally compensate their "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works in excess of 40 hours in a workweek.

29. At all times relevant herein, Plaintiff was a non-exempt "employee" within the meaning of the FLSA.

30. Defendant knew that Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

31. Defendant failed to pay Plaintiff proper overtime compensation for all hours that he worked over 40 hours in one week.

32. Plaintiff expressly complained to Defendant's management about non-payment of overtime compensation.

33. Defendant retaliated against Plaintiff by pretextually telling Plaintiff that he was no longer needed and effectively terminating his employment.

34. As a result of Defendant's failure to pay Plaintiff the overtime compensation due him, Defendant violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

35. Any retaliation against Plaintiff for exercising his statutory rights to complain of unpaid overtime was *per se* unlawful. *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 15 (2011) (it is illegal under the FLSA to retaliate against an employee for verbal or written concerns of unpaid overtime compensation).

## COUNT II
### Violations of the NJ WHL & NJ WPL
**(Unpaid Overtime Compensation and Wages)**

36. The foregoing paragraphs are incorporated herein as if set forth in full.

37. At all times relevant herein, Defendant, has and continues to be, an "employer" within the meaning of the NJ WHL.

38. At all times relevant herein, Plaintiff was a non-exempt "employee" within the meaning of the NJ WHL.

39. The NJ WHL requires covered employers, such as Defendant, to minimally compensate their "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works (*i.e.* hours in excess of 40 hours in a workweek).

40. Defendant knew that Plaintiff was a "non-exempt" employee within the meaning of the NJ WHL.

41. Defendant failed to pay Plaintiff proper overtime compensation for all hours that he worked over 40 hours in one week.

42. Defendant also failed to pay Plaintiff his regular hourly rate for all hours worked during his employment.

43. As a result of Defendant's failure to pay Plaintiff the overtime compensation and wages due him, Defendant has violated the NJ WHL and NJ WPL and has caused Plaintiff to suffer damages in the form of unpaid wages and overtime compensation.

## COUNT III
### Violations of the New Jersey Conscientious Employee Protection Act ("CEPA")
**(Wrongful Termination & Retaliation)**

44. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45. Plaintiff was effectively discharged for several instances of engaging in protected activity by making complaints and/or for objecting to Defendant's unlawful pay practices in the workplace (discussed *supra*).

46. These actions as aforesaid constitute violations of CEPA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings and any other owed compensation. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered legal violations at the hands of Defendant until the date of verdict;

B. Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future (and to compensate Plaintiff for lost use of income);

C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate;

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F. Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                Respectfully submitted,

                **KARPF, KARPF & CERUTTI, P.C.**

By: _____
      Ari R. Karpf, Esq.
      3331 Street Road
      Two Greenwood Square
      Suite 128
      Bensalem, PA 19020
      (215) 639-0801

Dated: March 23, 2020